Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8965 | **DATE** | 5/24/2004 |
| **CASE TITLE** | Lohman vs. Cap Mark, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, defendants' motion for a stay of proceedings pending arbitration [11-1] is granted. All proceedings before this court are stayed pending the outcome of the arbitration before the CBOE. In-court ruling date of 5/25/04 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | MAY 25 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 5/24/2004 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL F. LOHMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03 C 8965 |
| ) | |
| CAP MARK, INC., an Illinois corporation, ) | |
| KEVIN FLAHERTY, SCOTT BARNES, ) | |
| and LA SALLE CAPITAL MARKETS, LP, ) | |
| an Illinois limited partnership, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This dispute concerns the alleged ouster of plaintiff, Michael F. Lohman ("Lohman"), from defendant LaSalle Capital Markets, LP ("LaSalle"), a limited partnership. Count I of Lohmann's four-count complaint alleges that defendants violated the Securities Exchange Act of 1934. Counts II and III seek the dissolution of LaSalle and an accounting of all transactions performed in connection with LaSalle since July 28, 2003. Count IV alleges breach of fiduciary duty. Defendants contend that all counts are arbitrable before the Chicago Board Options Exchange ("CBOE") and seek a stay of all proceedings before this court pending conclusion of the arbitration proceedings before the CBOE.[1] Lohman argues that his claims are not subject to arbitration because they involve business issues separate and distinct from "Exchange business"

---

[1] Defendants initially did not seek a stay of the proceedings on Count I, mistakenly believing that federal courts have exclusive jurisdiction over claims arising under federal securities laws. When defendants discovered that claims arising under federal securities laws are arbitrable, *see Shearson/American Express, Inc.* v. *McMahon*, 482 U.S. 220 (1987), defendants sought leave to amend their motion to include a stay of proceedings on Count I. The court granted defendants leave to file the amendment and allowed Lohmann to respond to the amendment by May 18, 2004. Because Lohmann failed to respond within the allotted period, he has waived any objections to a stay of proceedings as to Count I.

and because Lohman was not aware that, nor did he intend for, these business disputes to be arbitrable.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, requires a district court to stay judicial proceedings pending arbitration where the issue involved is referable to arbitration. Section 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

The Seventh Circuit has held that the court, not the arbitrator, determines whether "the issue involved in such suit or proceeding is referable to arbitration under such an agreement." *See Sheet Metal Workers Local Union No. 20 v. Baylor Heating and Air Conditioning, Inc.*, 877 F.2d 547, 551 (7th Cir. 1989). "Whether or not [a party] is bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined . . . on the basis of the contract entered into by the parties." *AT&T Technologies, Inc. v. Communication Workers of America*, 475 U.S. 643, 649 (1986). "[W]hen a contract contains an arbitration clause, a strong presumption in favor of arbitration exists and courts have no choice but to order arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *CK Witco Corp. v. Paper Allied Indus., Chem. & Energy Workers Int'l Union*, 272 F.3d 419, 421-22 (7th Cir. 2001) (internal citations and quotations omitted). The court will enforce an arbitration agreement if (1) a valid agreement to arbitrate exists and (2) that agreement

2

covers the underlying dispute. *See We Care Hair Dev., Inc.* v. *Engen*, 180 F.3d 838, 844 (7th Cir. 1999).

It is undisputed that a valid agreement to arbitrate exists. All parties are members of the CBOE and as such are bound by the CBOE Rules. CBOE Rule 18.1(a) requires,

> Any dispute, claim or controversy, arising between parties who are members or persons associated with a member which arises out of the Exchange business of such parties shall, at the request of any such party and the approval of the Exchange's Director of Arbitration, be submitted for arbitration in accordance with these rules.

The parties disagree, however, on whether Rule 18.1 covers the underlying disputes alleged in the Complaint. Lohman argues that the phrase "arises out of the Exchange business of the parties" covers only disputes involving timing and finality in the trading of stocks, and business disputes between members of the CBOE are not arbitrable under Rule 18.1. Defendants read the phrase "arises out of the Exchange business" more broadly, contending that because all of the actions Lohman complains of arose out of the partners' agreements to engage in the business of selling securities and out of those trading activities themselves, they fall within the scope of Rule 18.1.

Lohman's narrow reading of the phrase "arising out of Exchange the business" has been rejected by this court and by the Illinois Appellate Court. In *Geldermann* v. *Mullins*, 524 N.E. 2d 1212 (1st Dist. 1988), the plaintiff sued defendants for allegedly misappropriating the source code of a computer program written by plaintiff for defendants' use in trading activities on the CBOE. The court overruled the finding of the trial court and held that, because the program was used in

the course of CBOE business, the dispute was arbitrable.[2]

In *Zechman v. Merrill, Lynch, Pierce, Finner & Smith, Inc.*, 742 F. Supp. 1359 (N.D. Ill. 1990), a former employee of the defendant securities firm filed suit seeking relief for various injuries he suffered incident to his discharge as a trader on the Chicago Board of Trade ("CBOT"). The plaintiff alleged that he was discharged in retaliation for his objections to several of defendants business practices. The defendant filed a motion to dismiss and to compel arbitration of the claims under CBOT Rule 600.00, which in pertinent part is identical to CBOE Rule 18.1.[3] Citing *Geldermann*, the court held that the "arising out of" language of CBOT Rule 600.00 should be given a broad construction and found that the plaintiff's claim of wrongful discharge was arbitrable. The court reasoned,

> While Rule 600.00's "arising out of" language is susceptible to a construction requiring a more direct nexus between the disputed claim and the parties' exchange business than is presented in [plaintiff's] retaliatory discharge count, we are inclined to interpret the rule more expansively . . . . A broad construction is clearly plausible given the vagaries of the phrase's definition and is consistent with the *Geldermann* court's understanding of the rule. To the extent that ambiguity remains,
>> [t]he [Federal] Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.

742 F.Supp. at 1369 (citing *Moses H. Cone Memorial Hosp. V. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). The court also found that the plaintiff's claim for unpaid bonus was arbitrable

---

[2] The court focused its analysis on whether arbitration was precluded by the fact that 10% of the trades generated by the computer program were executed on non-CBOT exchanges and therefore fell outside the arbitration agreement. However, as the court pointed out in *Zechman v. Merrill, Lynch, Pierce, Finner & Smith, Inc.*, 742 F. Supp. 1359, 1369 n.8 (N.D. Ill. 1990), "it is the underlying assumption that a dispute over the proprietary interest in a computer program is clearly arbitrable, apparently reached with little trouble, that is instructive in this case."

[3] CBOT Rule 600.00 provides, in pertinent part, "Any controversy between parties who are members and which arises out of the Exchange business of such parties shall, at the request of any such party, be submitted to arbitration in accordance with regulations prescribed by the board."

4

because the "the amount of the bonus was tied to the profits and value generated by [plaintiff] from his activities and from the activities under his supervision; these activities directly involved trading on the CBOT." *Id.*

Adopting this broad construction of the phrase "arising out of the Exchange business," the court finds that Lohmann's claims are arbitrable. Lohmann has alleged that he was misled by defendants as to the nature of his interest in LaSalle and how its value was affected by "transactions including the sale of seats at the Chicago Mercantile Exchange . . ." and by trading transactions performed in connection with LaSalle since July 28, 2003, when Lohmann was "expell[ed] from LaSalle's office, not allowing him to continue trading on behalf of LaSalle." (Complaint ¶¶ 12, 16, 20-22.) He alleges that the actions of defendants "made it impractical to carry on the business of LaSalle." (*Id.* ¶ 18.) He has asked for an accounting of all of LaSalle's trading activities on the CBOE and the Chicago Mercantile Exchange and has asked that LaSalle be dissolved and sold as a going concern to preserve its value. These issues are inextricably intertwined with the "Exchange business" of the parties. Thus, the claims are arbitrable under Rule 18.1.

## CONCLUSION

For the reasons stated above, defendants' Motion for a Stay of the Proceedings pending arbitration is granted [#11]. All proceedings before this court are stayed pending the outcome of arbitration before the CBOE.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: May 24, 2004

5